UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALPHONSO SYVIILLE,

                              Plaintiff,

              -against-

CITY OF NEW YORK; IRIS RODRIGUEZ,

                              Defendants.

20-CV-4201 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction. By order dated August 13, 2020, the Court granted Plaintiff's request to proceed

without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Alphonso Syville has been staying in shelters for the homeless for the past ten years and has been trying to obtain his own apartment through the City of New York Department of Homeless Services (DHS). (ECF 1 at 4.) According to Plaintiff, in order for DHS to provide a voucher for an apartment, one must "have an open welfare case" and "get a physical and psych[iatric] evaluation and a TB shot." (ECF 4 at 2.)[1] Plaintiff has "always or most of the time had all [the] necessary things to move forward and obtain [his] own apartment." (*Id.*) But

---

[1] On July 14, 2020, the Court received a letter from Plaintiff in which he purports to give "more examples of how Iris Rodriguez [has] been denying [him] housing for ten years." (ECF 4). The Court deems Plaintiff's letter a supplement to his complaint and consider the allegations of the July 14, 2020 letter in reviewing the complaint.

according to Plaintiff, "if you get transferred to a different shelter, you have to start the whole welfare, psych, physical, TB thing all over again." (*Id.*)

Plaintiff has repeatedly been transferred administratively from one shelter to another. (*Id.* at 2.) He explains that an administrative transfer between shelters occurs without prior notice and staff provides him "a metro card and directions and tell[s him] to pack [his] belong[ings]" and leave the property or the police will be called. (*Id.*) Plaintiff contends that because of the administrative transfers, he "always had to start the process over because [he] wouldn't let staff violate [his] rights or [was] being harassed or singled out because of his advocating." (*Id.* at 3.) Plaintiff contends that Defendant Iris Rodriguez of DHS has "refuse[d] to give me housing as part of her retaliation against me." (*Id.* at 4.)

In addition to Plaintiff's claims that he has been denied housing because of retaliation, Plaintiff alleges that in 2017, he was improperly assigned to a shelter for individuals with mental illness, a claim he has raised in prior actions.[2] He also mentions in passing that DHS "expect[s him] to live in [i]nhuman conditions" (*id.* at 5), and has failed to adequately address the threat of illness from COVID-19, which is a claim that Plaintiff also raises in another pending action. Plaintiff seeks one million dollars in damages.[3]

---

[2] See, e.g., *Syville v. City of New York*, ECF 1:18-CV-1183, 5 (S.D.N.Y. May 8, 2018) (disability discrimination claims arising out of his placement in a shelter for the mentally ill and chemically addicted dismissed for failure to state a claim); *Syville v. City of New York*, ECF 1:17-CV-8888, 8 (S.D.N.Y. Feb. 26, 2018) (disability discrimination claims for his placement in certain shelters dismissed for failure to state a claim).

[3] Plaintiff has filed other lawsuits in this Court concerning events arising at DHS shelters. *See, e.g., Syville v. City of New York*, ECF 1:18-CV-1252, 4 (S.D.N.Y. May 31, 2018) (disability discrimination claims arising at the Blake MICA shelter in Brooklyn, New York; transferred to the Eastern District of New York); *Syville v. Project Renewal*, ECF 1:17-CV-8887, 8 (S.D.N.Y. Feb. 23, 2018) (disability discrimination claims against Project Renewal for denying him a bed and loss of his money dismissed for failure to state a claim).

**DISCUSSION**

**A.      Claims Regarding Shelter Conditions**

Plaintiff raises claims regarding conditions at DHS shelters, including the allegedly inadequate response to the threat of COVID-19 infection, in another pending suit, *Syville v. City of New York*, No. 20-CV-4633 (PGG) (JLC) (S.D.N.Y. filed June 16, 2020). Because no useful purpose is served by litigating these same claims in two suits, the Court dismisses Plaintiff's claims regarding the conditions in DHS shelters from this action without prejudice. Plaintiff should not reassert those claims in this action if he chooses to file an amended complaint.

**B.      Claims regarding assignment to MICA Shelter**

Plaintiff mentions in passing in the supplement to his complaint that from 2015 to 2017, he was improperly assigned to a MICA shelter for individuals with mental illness. (ECF 4 at 4.) Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Plaintiff has already litigated his claims regarding his assignment to a MICA shelter during that period. *See, e.g.*, *Syville v. City of New York*, ECF 1:18-CV-1183, 5 (S.D.N.Y. May 8, 2018) (disability discrimination claims arising out of his placement in a shelter for the mentally ill and chemically addicted; dismissed for failure to state a claim); *Syville v. City of New York*, ECF 1:17-CV-8888, 8 (S.D.N.Y. Feb. 26, 2018) (disability discrimination claims for his placement in certain shelters dismissed for failure to state a claim). The Court therefore dismisses these claims as barred by *res judicata* and directs Plaintiff not to include these claims in his amended complaint, if he chooses to file one in this action.

**C.       Retaliation Claims**

To state a First Amendment retaliation claim, a private citizen must allege that "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001); *Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) ("Regardless of the factual context, [courts] have required a plaintiff alleging retaliation to establish speech protected by the First Amendment.").

Plaintiff alleges generally that DHS Assistant Commissioner "Iris refuse[s] to give me housing as part [of] her retaliation against me." (ECF 1 at 4.) He states that he is being "harassed or singled out" because of his advocacy and that he has "done nothing wrong but advocate for better treatment." (ECF 1 at 7.) Plaintiff attaches to his complaint a document that seems to indicate that between October 2016 and September 2018, he lodged dozens of complaints, though he does not plead any facts about where he filed the complaints or what concerns he raised. Plaintiff also includes an August 2018 email that he wrote to DHS employee "Adekoya" and "the rest of ya unprofessional, disrespectful, inconsiderate staff," seeking to set the record straight that he had been present and available for a scheduled appointment "before [DHS] staff get to lieing [sic] saying that [he] refused [his] housing appointment today at MICA Renaissance" shelter. (ECF 2 at 8.) Plaintiff also notes that "most of [his] shelter problems was against the staff." (ECF 4 at 1.)

Plaintiff's complaints against shelter staff, even though expressed in an insulting manner, nevertheless may still be considered protected speech. *Hill v. Colorado*, 530 U.S. 703, 715 (2000) (holding that fact that manner of communication "may be offensive to their recipients does not deprive them of constitutional protection.").

Assuming that Plaintiff is entitled to First Amendment protection for his advocacy on issues of personal concern to him, he nevertheless fails to plead facts suggesting that the failure to provide him an apartment was "motivated or substantially caused" by his exercise of his First Amendment rights. It is not apparent from Plaintiff's complaint that there was a causal link between his lodging of complaints and his failure to obtain an apartment or single room occupancy housing. Plaintiff also fails to plead facts showing that Defendants' actions effectively chilled the exercise of his First Amendment right, and his allegations thus fail to state a claim that Defendants violated his rights under the First Amendment.

Moreover, Plaintiff does not plead any facts showing what Defendant Rodriguez personally did or failed to do that violated his rights. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Having failed to plead facts about what Defendant Rodriguez personally did that violated his constitutional rights, Plaintiff fails to state a claim on which relief can be granted against Defendant Rodriguez.

**D.    Procedural Due Process**

Plaintiff contends that he was repeatedly subjected to administrative transfers, which he describes as transfers without prior notice, from one shelter to another. The Court liberally construes Plaintiff's allegations as asserting a claim that his transfers violated his due process rights.

6

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). "To have a property interest in a benefit, a person . . . must . . . have a legitimate claim of entitlement to it." *Id.*; *see Kapps v. Wing*, 404 F.3d 105, 113 (2d Cir. 2006). Property interests arise not from the Constitution, but instead "are created and their dimensions are defined by existing rules or understanding that stem from an independent source such as state law." *Roth*, 408 U.S. at 577. Where "statutes or regulations meaningfully channel[ ] official discretion by mandating a defined administrative outcome, a property interest will be found to exist." *Kapps*, 404 F.3d at 113; *see Handberry v. Thompson*, 446 F.3d 335, 353 (2d Cir. 2006); *Jenkins v. New York City Dep't of Homeless Servs.*, 643 F. Supp. 2d 507, 512 (S.D.N.Y. 2009) ("[P]rocedural due process protection applies only to [property] rights protected under state law"), *aff'd on other grounds*, 391 F. App'x 81 (2d Cir. 2010).

New York law appears to provide families with a protected interest in remaining in a family shelter. *See* N.Y. Comp. Codes R. & Regs tit. 18, § 900.9(c)(1) (Homeless Housing and Assistance Programs that provide shelter to homeless families must afford "each resident the right to remain in the facility and not to be involuntarily transferred or discharged except as provided in this Part."); *Caractor v. Davis-Moten*, No. 06-CV-5299 (SJF), 2008 WL 11417789, at *5 (E.D.N.Y. Sept. 15, 2008) (holding that "plaintiffs possessed a property interest in the tier II family shelter that was protected by the Fourteenth Amendment"), *R & R adopted*, No. 06-CV-5299 (SJF) (MLO), 2008 WL 11417788 (E.D.N.Y. Sept. 29, 2008). But Plaintiff has not referenced any right under state law that constrains DHS from transferring a single adult from one shelter to another, and the Court has not identified any. *See, e.g., Richardson v. City of New*

*York*, No. 12-CV-2545 WHP, 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2013) ("Richardson identifies nothing that limits DHS's discretion to transfer a single adult from one shelter to another."). Because Plaintiff has not pleaded facts showing that he had a protected property interest in avoiding transfer between shelters without notice, he fails to state a claim that he was denied due process.

## E.       Municipal Liability

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff's complaint could be understood as alleging that the DHS and the City of New York have a policy of providing certain types of housing only after an individual completes a series of steps (*e.g.*, physical and psychiatric exams, TB test). He also alleges that the policy requires individuals to begin these steps anew upon transfer to a different shelter. These allegations that the City's policies prevented Plaintiff from obtaining his preferred type of

housing (an apartment or single room occupancy unit) do not state a claim that the City's policies caused a violation of Plaintiff's constitutional rights. Plaintiff has no constitutional right to a particular type of housing. *See Jenkins*, 643 F. Supp. 2d at 512 (relying on *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Plaintiff thus fails to state a claim on which relief can be granted against the City of New York.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-4201 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time.

If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    August 18, 2020
          New York, New York

                                              _Louis L. Stanton_
                                              Louis L. Stanton
                                              U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                      Middle Initial        Last Name

_____

Street Address

_____

County, City                              State                Zip Code

_____

Telephone Number                         Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 4:

_____

First Name                            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.